IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PATRICIA ANN ARPS, )
)
    Plaintiff, )
)
v. )
) Case No. CV-17-722-R
DOLLAR TREE )
INCORPORATED )
)
    Defendant. )

## ORDER

Plaintiff filed this action against Dollar Tree Incorporated, alleging a violation of her civil rights. On July 7, 2017, the Court granted Plaintiff leave to proceed *in forma pauperis,* giving rise to an obligation by the Court to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To survive this review, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[W]hen the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Because Plaintiff is proceeding *pro se*, the Court gives her Complaint liberal construction, however, such construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v.*

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Further, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997).

The Court finds that Plaintiff has failed to allege a claim. In her Complaint, Ms. Arps alleges that she was subjected to discrimination while shopping at the Dollar Tree because the cashier commented on the number of cleaning supplies she was purchasing and apologized to the next customer in line for how long Plaintiff's transaction was taking. Plaintiff considers the cashier's behavior discriminatory and defamatory. Plaintiff asserts that as a result of the cashier's behavior, Plaintiff became flustered, had difficulty finding the credit card she wanted to use, and was embarrassed when the store employee and the employee's supervisor indicated she was holding up the line.[1]

Additionally, the Court finds that the Complaint fails to establish a jurisdictional basis for this Court to consider her claims. The Complaint alleges the Court has jurisdiction under 28 U.S.C. § 1332, which grants the Court jurisdiction over cases involving diverse citizens where the amount in controversy exceeds $75,000. Plaintiff does not allege her citizenship or the citizenship of the Defendant. Furthermore, nothing in the facts alleged would support $75,000 in damages. Plaintiff also cites to 28 U.S.C. § 1441, as a basis for jurisdiction. This statute, however, governs the removal of actions from state to federal

---

[1] Plaintiff does not allege her race or national origin, which the Court assumes forms the basis of her allegations in light of her contention that the person behind her in line was white, and that the cashier's comment to him that she would have permitted him to check out before the Plaintiff was a "willfully outright and blatant act of discrimination and defamation in a public department store as it I were taken back to the Jim Crow Era." Complaint, p. 2.

court by a defendant, which is clearly inapplicable to a case initiated in federal court. Plaintiff also cites to the Americans with Disabilities Act, specifically 42 U.S.C. § 12102(1)(A)((2)(A&B), but does not allege that she was subjected to discrimination on the basis of a disability, the only indication of a disability being that the incident affected her PTSD. Finally, Plaintiff contends the Court has jurisdiction over her federal tort claim, citing "Title 12 § 1441, Title 21 § 92, 93, 96, Title 76 § 761 and Title 12-1551. These statutory provisions either do not exist or clearly have no application to the facts alleged by Plaintiff. Even applying the most liberal construction to Plaintiff's Complaint, the Court finds no basis therein to support either this Court's jurisdiction or the existence of a plausible claim against Defendant. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.[2] In light of this ruling, Plaintiff's Motion to Appoint Pro Se Attorney [Doc. No. 3] is DENIED AS MOOT.

IT IS SO ORDERED this 11th day of July, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds amendment would be futile given the factual basis for her claim.